IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

GERALDINE KING,

        Plaintiff,

V.                                          CIVIL ACTION NO. 3:05-0019

JOANNE BARNHART,
Commissioner of Social Security,

        Defendant.

## FINDINGS AND RECOMMENDATION

In this action, filed under the provisions of 42 U.S.C. §§405(g) and 1383(c)(3), plaintiff seeks review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security income based on disability. The case is presently pending before the Court on plaintiff's motion to supplement the record and cross-motions of the parties for judgment on the pleadings.

Plaintiff protectively filed her applications on July 24, 2002, alleging disability commencing May 19, 1993,[1] as a consequence of back problems and possible hepatitis and diabetes. On appeal from initial and reconsidered denials, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the

---

[1] Although not mentioned in the administrative law judge's decision, at the administrative hearing, plaintiff amended the onset date to the protective filing date and voluntarily dropped her claim for disability insurance benefits.

Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-three years of age and had obtained a GED. She has no past relevant employment experience. In his decision, the administrative law judge determined that plaintiff suffers from "degenerative disc desiccation of the lumbar spine, obesity, non-insulin dependent diabetes mellitus, asthma and anxiety/depression," impairments he considered severe. Concluding that plaintiff retained the residual functional capacity for a limited range of sedentary level work and relying on Rule 201.27 of the medical-vocational guidelines[2] and the testimony of a vocational expert, the administrative law judge found her not disabled.

At the outset, it is noted that plaintiff has filed a motion to supplement the record with a residual functional capacity assessment from Dr. Pelligrini, her treating physician. Her attorney represents that she sent this evidence to the administrative law judge the same day the hearing was held; however, it apparently never reached him. The Commissioner does not oppose plaintiff's motion and the Court notes that, while the evidence can be included in the record, the Court cannot consider it in reviewing the Commissioner's decision.[3] While it could provide a basis for remand if it meets certain criteria,[4] analysis of this evidence in light of <u>Borders</u> is not necessary in this instance since the Court finds that remand is necessary to correct deficiencies in the record. The new evidence should be considered by the Commissioner on remand.

---

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 1.

[3] 42 U.S.C. §405(g).

[4] <u>See</u>, <u>Borders</u> v. <u>Heckler</u>, 777 F.2d 954 (4th Cir. 1985).

Among the conditions from which plaintiff suffers are asthma and occasional episodes of bronchitis. The record reflects she received emergency room treatment on February 20, 2002, for bronchitis and on November 30, 2003, for an exacerbation of asthma. She was treated with antibiotics both times. Her treating physicians have maintained her on inhalers. In December of 2003, treatment notes reflect that she was prescribed a nebulizer for use four times per day, which appears consistent with her testimony that she has to administer a breathing treatment to herself every four hours. She indicated the process takes about twenty minutes each time.

The need to have these treatments could potentially interfere with plaintiff's performance of job tasks. The administrative law judge, in reciting plaintiff's testimony prior to making his credibility findings, noted only that plaintiff uses a nebulizer but did not discuss her assertions about the frequency and duration of the treatments or make any findings as to the credibility of these assertions. He did not include any limitations in this regard in his assessment of plaintiff's residual functional capacity and, obviously, the vocational expert was not asked to consider this either. In light of the potential for these treatments to impose additional work-related restrictions, the Court concludes that this case should be remanded for consideration of this issue. On remand, the Commissioner should also attempt to obtain the results of pulmonary function testing, if such testing has been administered. If not, these tests should be arranged for plaintiff since the results would aid in assessing the severity of her pulmonary condition. Also, if plaintiff has continued with therapy for her depression/anxiety as she asserted at the hearing, reports from her treating therapist should be obtained if possible in order to determine if additional work-related limitations are established by these impairments as well. Of course, the parties should be permitted to submit additional, relevant evidence.

## **RECOMMENDATION**

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that this case be remanded to the Commissioner for further proceedings consistent with these Findings and Recommendation.

Plaintiff and defendant are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 72(b), Fed.R.Civ.P., the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to transmit a copy of the same to all counsel of record.

DATED: July 21, 2006

MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE