**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

GERALDINE KING,

          Plaintiff,

v.                                 CIVIL  ACTION  NO.  3:05-0019

JOANNE BARNHART,
Commissioner of Social Security,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge's Findings and Recommendation were filed on July 21, 2006, and Defendant's objections to the Findings and Recommendation were filed on August 4, 2006.

The Court has reviewed *de novo* those portions of the Magistrate Judge's Findings and Recommendation to which Defendant objects, and finds that Defendant's objections lack merit. For the reasons set forth below, the Court **ADOPTS** the Findings and Recommendation of the Magistrate Judge, and **REMANDS** the final decision of the Commissioner.

**I.**     **Standard of Review**

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The scope of this Court's review of the Commissioner's decision, however, is narrow:  This Court must uphold the Commissioner's factual findings "if they are supported by

substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)).

In conducting this review, this Court must also address whether the Administrative Law Judge (ALJ) analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4).

## II.    Analysis

Plaintiff protectively filed her application for social security benefits on July 22, 2002, alleging disability commencing May 19, 1993. Plaintiff claimed that she was disabled due to degenerative disc desiccation, arthritis, and possible hepatitis and diabetes. Plaintiff exhausted her administrative remedies without relief. On January 8, 2004, a hearing was held before the ALJ at the Plaintiff's request. At that hearing, Plaintiff was represented by counsel, and provided her testimony. A vocational expert also provided testimony. On January 30, 2004, the ALJ

issued a decision finding that Plaintiff was not disabled, and denying Plaintiff's application for benefits.  The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the decision of the ALJ the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.955(b), 404.981.  On January 7, 2005, Plaintiff filed the instant action, seeking review of the Commissioner's final decision.

The Defendant objects to the Magistrate Judge's findings on the basis that remand is unnecessary to further consider possible limitations arising from Plaintiff's use of a nebulizer machine for breathing treatments.  Defendant argues that the "Magistrate Judge erred because he did not consider whether Plaintiff's nebulizer treatment could be accommodated during the breaks and lunch period of a normal workday."  Obj. at 2.  Defendant further argues that the vocational expert (VE) testified at the hearing, and found that the nebulizer treatment was not disabling.

After reviewing the administrative record, including the transcript of the hearing and the ALJ's decision, this Court agrees with the Magistrate Judge's finding that a remand is proper. Defendant does not contest the fact that Plaintiff needs to utilize the nebulizer during the workday.  Instead, Defendant insists the treatment can be administered during breaks.  The error in this argument is that it is not the role of the Magistrate Judge or this Court to assume that nebulizer treatments may be completed during the breaks and lunch period of a job.  The ALJ should have inquired further about the nebulizer treatment to the VE, specifically in relation to the relevant sedentary jobs which Plaintiff can perform.

The ALJ's questions to the VE did not properly ensure that the expert knew what Plaintiff's abilities and limitations are, as is required by the Fourth Circuit.  *See Walker v.*

*Bowen*, 889 F.2d 47, 50-51 (4th Cir. 1989).  The ALJ asked a lengthy hypothetical, which appeared to test the credibility of Plaintiff's testimony regarding pain and her mental health.  Tr. at 359.  Included in the long list of considerations was "[n]ebulizer every four hours."  *Id.* Assuming that Plaintiff's testimony was credible, the ALJ asked the VE how the mentioned conditions would impact the list of unskilled sedentary production jobs:

> A:   I would say it would eliminate those jobs from consideration.  The need to elevate her legs, if she needs to do this above waist level that would just ergonomically prevent her from being able to get at the workstation.  8-level pain depending upon the frequency, the duration, the severity, but if that persists to the point where it interfered with her ability to show up regularly, if she were missing more than one or two days a month, that would be considered excessive and wouldn't be tolerated.  And certainly having 50 percent bad days, if she couldn't show up for work on a bad day, then that would certainly prevent her from doing these jobs or any other jobs for that matter.
>
> Q:   And these are mutually exclusive of one another as prohibitive of employment?
>
> A:   Yes sir.  I think the need to elevate her legs by itself, the pain by itself, the number of bad days by itself, the need to nap throughout the day, any one of those would preclude competitive work.

*Id.* at 359-360.  Although the use of a nebulizer was in the original hypothetical, the VE did not repeat or expand on that condition in his responses.  Defendant argues that because the VE did not specifically mention the nebulizer treatment, he did not find that it was a disabling limitation.  However, the VE did not repeat other listed conditions from the original hypothetical either. His testimony could just as easily be read as finding each of the listed conditions in the hypothetical disabling.  It is simply unclear whether each condition listed in the hypothetical was prohibitive of employment, which would include the use of the nebulizer every four hours, or whether the VE only considered those conditions that he listed in either of his responses to be disabling.

        The nebulizer treatment should have been properly considered  by the VE as a limitation

through the use of the hypotheticals.  The ALJ should have inquired further about the effects of the nebulizer treatment on Plaintiff's work limitations, and the impact of the use of a nebulizer on the types of jobs she remains able to perform.  The question of whether Plaintiff's use of a nebulizer would reduce the number of sedentary jobs available to her is a proper question for the VE.  The Magistrate Judge was correct in not assuming, as argued by the Defendant, that the type of sedentary work that Plaintiff can perform, as determined by the VE, would enable her to take the breaks necessary to use her nebulizer every four hours for at least twenty minutes.

Defendant's argument that Plaintiff is able to use the nebulizer machine on her breaks relies partly upon the unsubstantiated assumption that the treatment takes a short amount of time to complete, with Plaintiff promptly resuming work after treatment.  A review of the hearing transcript shows that Plaintiff only testified that the full treatment takes twenty minutes every four hours.  She was not asked nor voluntarily provided any further information about any side effects, which may increase the time she needs for breaks.  As the Magistrate Judge pointed out, the ALJ did not make any finding as to the credibility of her assertion that the treatment takes twenty minutes, and did not include any limitations in his assessment of her residual functional capacity.  Accordingly, this Court cannot conclude, that the unskilled sedentary jobs which exist for Plaintiff, can accommodate her use of a nebulizer during normal breaks or otherwise.

The Social Security Rulings cited by Defendant are inapposite.  *See* Obj. at 2.  Social Security Ruling 96-9p discusses, in part, the residual functioning capacity of an individual who has the ability to do sedentary work, but must alternate the required sitting by standing and possibly walking.  Social Security Administration, SSR 96-9p, Policy Interpretation Ruling Title II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional

Capacity for Less Than a Full Range of Sedentary Work (1996), *available at* 1996 WL 374185. The Ruling does include language that if the standing and/or walking can be accommodated by scheduled breaks and lunch, the individual remains at the residential functioning capacity level of unskilled sedentary work. *Id.* Social Security Ruling 83-12 discusses the evaluation of exertional limitations within a range of work or between ranges of work. Social Security Administration, SSR 83-12, Titles II and XVI: Capability to Do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work (1983), *available at* 1983 WL 31253. This Ruling notes, that "most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task," which the Ruling notes is especially true for unskilled types jobs. *Id.* Both of these Rulings emphasize the importance of vocational experts to clarify the impact of any limitation on the ability to do even sedentary work. Because the VE's testimony failed to fully explore the effect of Plaintiff's use of a nebulizer on the number of jobs that Plaintiff can perform, the Court finds that the ALJ's decision is not supported by substantial evidence, and a remand is necessary for further consideration of this issue.

**III.     Conclusion**

Accordingly, based upon a review of the entire record and the ALJ's decision, the Court finds it is supported by substantial evidence. Therefore, the Court **DENIES** Defendant's objections, and **ACCEPTS** and **INCORPORATES** the Findings and Recommendation of the Magistrate Judge, which **REMANDS** the decision of the Commissioner for further review consistent with the findings.

The Court **DIRECTS** the Clerk to send a certified copy of this Written Opinion and Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

ENTER:          September 6, 2006

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE